UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Shannon Bradley

    v.                                                Civil No. 14-cv-225-PB

Walmart Store #1749

## REPORT AND RECOMMENDATION

Pro se plaintiff Shannon Bradley has filed a complaint (doc. no. 1) against Walmart Store #1749 ("Walmart"). Because Bradley is proceeding in forma pauperis, the matter is before this Magistrate Judge for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

### Preliminary Review Standard

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

Bradley first asserts that while walking through Walmart in Somersworth, New Hampshire, where she shopped frequently, one of the employees made an "offensive suggestion about [her] looks." Bradley further alleges that she has a disability parking permit, and uses a folding wheelchair that she keeps in the back seat of her car. Bradley states that all of the handicap parking spaces at Walmart are reserved for wheelchair vans, and that when she has used those spaces, she has received notes on her windshield telling her that she cannot park there.

## Discussion

### I. Offensive Remark

There is, in general, no cause of action to remedy a verbal insult by a private individual. Accordingly, the claim asserting injury due to an offensive remark should be dismissed.

### II. Lack of Handicapped Parking

Bradley's allegations concerning the lack of handicap parking available to her arise under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a). The ADA provides, in pertinent part:

No individual shall be discriminated against on the

> basis of disability in the full and equal enjoyment of
> the goods, services, facilities, privileges,
> advantages, or accommodations of any place of public
> accommodation by any person who owns, leases (or
> leases to), or operates a place of public
> accommodation.

42 U.S.C. § 12182(a).  Bradley's allegations, while sparse, are sufficient to assert a plausible claim of a violation of § 12182(a), which is actionable under § 12188(a)(1).

In her complaint, plaintiff requests money damages.  Money damages are not available to a private individual bringing suit under Title III of the ADA.  See Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006).  The ADA claim may proceed only as a claim for injunctive relief; this court should dismiss the claim, to the extent that it seeks money damages.  In an Order issued simultaneously with this Report and Recommendation, the court directs service of the complaint, with respect to the ADA Title III claim for injunctive relief.

## Conclusion

For the foregoing reasons, the court recommends that the claim asserting a verbal insult from a Walmart employee be dismissed, and that plaintiff's claim for money damages, relating to the Walmart parking lot, be dismissed.  In an Order

issued simultaneously with this Report and Recommendation, the court directs service of Bradley's complaint, construed to assert a claim for injunctive relief under Title III of the ADA. See LR 4.3(d)(2)(C).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 7, 2014

cc: Shannon Bradley, pro se